[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The motion to strike the fifth, sixth and seventh counts of the complaint of the above-captioned case raises the issue whether a plaintiff who claims to have been injured by a drunken driver may recover in negligence and public nuisance against a liquor purveyor alleged to have served the driver while he was intoxicated. CT Page 1695
The plaintiff Florence Henderson is the conservatrix of the estate of Antionio Henderson. She alleges that her ward was injured in a motor vehicle collision because of the negligence and recklessness of defendant Michael Dolan, who she alleges was a patron of a bar of which defendants Arthur P. Spungin, Crown Street Bar Limited Partnership and Elmo's Racket Club, Inc. ("the bar") are the owners and permittee, respectively.
In the third count of his complaint, the plaintiff invokes General Statutes Sec. 30-102, the Connecticut dram shop act. The motion to strike is not directed to that count but only to those counts in which the plaintiff alleges that the bar is also liable in negligence and nuisance.
In the fifth count of her complaint the plaintiff alleges that the injuries suffered by her ward were proximately caused by the negligence of the bar in selling alcoholic beverages to defendant Dolan when he was intoxicated and when they knew he would leave the bar and drive a motor vehicle. In the sixth count the plaintiff alleges that the bar negligently created a public nuisance by causing Dolan after to operate a motor vehicle while he was intoxicated. In the seventh count the plaintiff alleges the nuisance was created by the intentional acts of the bar.
The bar defendants have moved to strike the fifth, sixth and seventh counts on the ground that they fail to state a claim upon which relief can be granted.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v. Groton,212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded, Cyr v. Brookfield, 153 Conn. 261, 263 (1965), and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142. If any facts provable under the express or implied allegations of the complaint support a cause of action, the complaint should not be stricken. Bouchard v. People's Bank,219 Conn. 465, 471 (1991).
The plaintiff acknowledges that in the past the Connecticut Supreme Court has held that no common law negligence claim may be maintained against a server of alcohol as to injuries caused by a person to whom the alcohol has been served. See Quinnett v.CT Page 1696Newman, 213 Conn. 343 (1990); Kowal v. Hofher, 181 Conn. 355
(1980); Slicer v. Quigley, 180 Conn. 252, 255 (1980); Nelson v.Steffens, 170 Conn. 356, 361 (1976); Moore v. Bunk, 154 Conn. 644,649 (1967); Nolan v. Morelli, 154 Conn. 432, 436 (1967). As the Supreme Court explained in Slicer v. Quigley, 180 Conn. 255, "[t]he reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished to him if he did not drink it".
The plaintiff asserts that the Supreme Court rulings listed above fail to reflect the general law of proximate cause but impose a legal conclusion that the server of alcoholic beverages cannot be found, as a matter of law, to have proximately caused an injury resulting from the conduct of the person served. The plaintiff notes that in Quinnett, 213 Conn. 347, Justice Covello, writing for the majority, observed that the question was "whether this court can intrude where the legislature has so clearly chosen to act. To the extent that the General Assembly sees fit to articulate public policy through specific legislation, we are bound to honor the means by which it addresses the policy issue in question". In fact, the Supreme Court had ruled in Kowal v. Hofher, 181 Conn. 358-59, that the dram shop act contains no specific provision making its provisions an exclusive remedy but that the courts had determined, as a matter of common law, that proximate cause could not be established and that no negligence action could therefore be maintained where the serving of alcoholic beverages to an intoxicated person was alleged to have caused injury to a third party.
Dissenting in Quinnett, 213 Conn. 343, 350 Chief Justice Peters and Justice Hull noted that "[t]he existing state of the law does not . . . prevent us from joining the vast majority of state and federal courts that, since 1971, have rejected or modified judicial rules that provide immunity from damages for those who furnished alcoholic beverages in circumstances that proximately cause injury to innocent third parties". [citations omitted]. The dissent noted, Quinnett, 213 Conn. 351, that the narrow view of proximate cause reflected in Nolan v. Morelli, 154 Conn. 432, and its progeny has been abandoned in other contexts, and that the issue of causation has been left to the trier of fact, not decided as a matter of law. The dissenters were clearly of the opinion that the issue of proximate cause is a common law issue in the courts and that the dram shop act does not limit the common law as Justice CT Page 1697 Covello stated.
Since Quinnett was decided, when the Supreme Court has analyzed the issue of proximate cause, it has treated the issue as a factual one to be determined by the trier of fact. In Wasfi v.Chaddha, 218 Conn. 200, 218 (1991), a medical malpractice case, a defendant claimed that any negligence on his part was superseded by the later negligence of another doctor, such that proximate cause was not established. The Supreme Court noted that "[a]n intervening force is one which actively operates in producing harm to another after the actor's negligent act or omission has been committed" citing 2 Restatement (Second), Torts § 441(1). The Supreme Court did not regard the issue of proximate cause as to the first doctor as a matter of law but as a factual determination to be decided by the jury.
In Amendola v. Geremia, 21 Conn. App. 35, 38-99, cert. denied,215 Conn. 803 (1990), when the Appellate Court ruled that the applicability of the doctrine of superseding cause was a matter of fact to be decided by the trier, not a matter of law, the Supreme Court denied certification.
In view of the Supreme Court's recent decisions finding that the issue of proximate course is a matter of fact, not of law, and, in view of the court's clear finding in Kowal that a limitation on negligence actions against purveyors of alcohol is not compelled by the dram shop act but by judicial determinations of common law, it is this court's conclusion that the Supreme Court would not continue to recognize for the benefit of those alleged to have sold alcohol to intoxicated people known to be about to drive vehicles a limitation on the common law that it has denied to defendants in other contexts involving claimed superseding or intervening cause.
The motion to strike the fifth count is denied.
The defendants' motion to strike the nuisance counts, the sixth and seventh counts, is based solely on the argument that, as a matter of law, their conduct was not the proximate cause of the plaintiff's loss.
For the same reasons that apply to the motion to strike the fifth count, the motion to strike is therefore denied as to the sixth and seventh counts. CT Page 1698