[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON
Defendants, Robert J. Andrews Brannigan's Concepts, Inc.'s Motion to Strike #104
Defendant, Palumbo Pizza Barn's Motion to Strike #106
Defendants, Peter S. Dizes Pizza Barn of Newington, Inc.'s Motion to Strike #109
The defendants, Robert J. Andrews and Brannigan's Concepts, Inc.'s moves to strike Count Two of the plaintiff's complaint and CT Page 2269 the defendants, Palumbo Pizza Barn, Peter S. Dizes, and Pizza Barn of Newington's move to strike Count Seven of the plaintiff's complaint on the ground that Connecticut does not recognize a cause of action for negligence against a server of alcohol.
The defendants, Robert J. Andrews and Brannigan's Concepts, Inc.'s move to strike Count Three of the plaintiff's complaint and the defendants, Palumbo Pizza Barn, Peter S. Dizes, and Pizza Barn of Newington's move to strike Count Eight of the plaintiff's complaint on the ground that the plaintiff fails to allege sufficient facts to support claims for recklessness.
The defendants, Robert J. Andrews and Brannigan's Concepts, Inc.'s move to strike Count Four of the plaintiff's complaint and the defendants, Palumbo Pizza Barn, Peter S. Dizes, and Pizza Barn of Newington's move to strike Count Nine of the plaintiff's complaint on the ground that Connecticut does not recognize a common law cause of action for public nuisance against a server of alcohol.
The defendants, Robert J. Andrews and Brannigan's Concepts, Inc.'s move to strike Count Five of the plaintiff's complaint and the defendants, Palumbo Pizza Barn, Peter S. Dizes, and Pizza Barn of Newington move to strike Count Ten of the plaintiff's complaint on the ground that the plaintiff fails to state causes of action for which relief can be granted under CUTPA, General Statutes §§ 42-110a through 42-110q.
On December 12, 1994, at approximately 10:15 pm, a motor vehicle driven by Robert Romano collided with a motor vehicle carrying Loida and Elisha Valle. The accident resulted in serious injuries and, ultimately, the deaths of Loida and Elisha Valle. On July 13, 1995, the plaintiff, Eddie Valle, the Administrator of the Estates of Loida and Elisha Valle, filed a ten count complaint against the defendants, Robert J. Andrews ("Andrews"), permittee of Brannigan's Restaurant; Brannigan's Concepts, Inc. ("Brannigan's Concepts"); Peter S. Dizes ("Dizes"), permittee of Pizza Barn Restaurant; Pizza Barn of Newington, Inc. ("Pizza Barn"); and Palumbo Pizza Barn ("Palumbo Pizza"). The plaintiff directs Counts One through Five at Andrews and Brannigan's, respectively alleging claims pursuant to General Statutes §30-102 (the Dram Shop Act), negligence, recklessness, common law public nuisance, and CUTPA. The plaintiff directs Counts Six through Ten at Dizes, Pizza Barn, and Palumbo Pizza, respectively alleging claims pursuant to General Statutes § 30-102 (the CT Page 2270 Dram Shop Act), negligence, recklessness, common law public nuisance, and CUTPA.
The plaintiff alleges that "[o]n December 12, 1994, from approximately 11:00 a.m. to 9:00 p.m., Robert Romano was a patron of Pizza Barn Restaurant, and while intoxicated, was sold alcoholic liquor by the defendants or by one of their agents, servants, or employees." (Count Six, ¶ 4). The plaintiff alleges that "[o]n December 12, 1994, and for some time prior thereto, the defendant, Pizza Barn of Newington, Inc. and/or the defendant, Palumbo Pizza Barn, LLC, . . . was the backer of an establishment known as Pizza Barn Restaurant." (Count Six, ¶ 2). The plaintiff further alleges that on the same date, "from approximately 7:00 p.m. to 10:00 p.m., Robert Romano was a patron of Brannigan's Restaurant, and while intoxicated, was sold alcoholic liquor by the defendants or one of their agents, servants, or employees." (Count One, ¶ 4). The plaintiff alleges that "[o]n December 12, 1994, and for some time prior thereto, the defendant, Brannigan's Concepts, Inc., . . . was the backer of, an establishment known as Brannigan's Restaurant." (Count One, ¶ 2).
On August 17, 1995, the defendants, Andrews and Brannigan's Concepts filed a motion to strike Count Two of the plaintiff's complaint on the ground that Connecticut does not recognize a cause of action for negligence against a server of alcohol, Count Three on the ground that the plaintiff fails to allege sufficient facts to support a cause of action for recklessness, Count Four on the ground that Connecticut does not recognize a common law cause of action for public nuisance against a server of alcohol, and Count Five on the ground that the plaintiff fails to state a claim for which relief can be granted under CUTPA. On the same date, in accordance with Practice Book § 155, Andrews and Brannigan's Concepts filed a memorandum of law in support of their motion to strike.
On August 23, 1995, the defendant, Palumbo Pizza, filed a motion to strike Count Seven of the plaintiff's complaint on the ground that Connecticut does not recognize a cause of action for negligence against a server of alcohol, Count Eight on the ground that the plaintiff fails to allege sufficient facts to support a cause of action for recklessness, Count Nine on the ground that Connecticut does not recognize a common law cause of action for public nuisance against a server of alcohol, and Count Ten on the ground that the plaintiff fails to state a claim for which relief CT Page 2271 can be granted under CUTPA. On the same date, in accordance with Practice Book § 155, Palumbo Pizza filed a memorandum of law in support of its motion to strike, adopting the positions and arguments set forth in Andrews and Brannigan's Concepts' memorandum of law.
On September 19, 1995, the defendants, Dizes and Pizza Barn, filed a motion to strike Count Seven of the plaintiff's complaint on the ground that Connecticut does not recognize a cause of action for negligence against a server of alcohol, Count Eight on the ground that the plaintiff fails to allege sufficient facts to support a cause of action for recklessness, Count Nine on the ground that Connecticut does not recognize a common law cause of action for public nuisance against a server of alcohol, and Count Ten on the ground that the plaintiff fails to state a claim for which relief can be granted under CUTPA. On September 21, 1995, in accordance with Practice Book § 155, Dizes and Pizza Barn filed a memorandum of law in support of their motion to strike, adopting the positions and arguments set forth in Andrews and Brannigan's Concepts' memorandum of law.
On September 27, 1995, the plaintiff filed a memorandum of law in opposition to Andrews and Brannigan's Concepts' motion to strike. On November 13, 1995, Andrews and Brannigan's Concepts filed a supplemental memorandum of law in support of their motion to strike.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). For example, the motion to strike "contest[s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v. BOC Group Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992).
The motion to strike "admits all facts well pleaded." RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 383 n. 2. The motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Yale Universityv. Wurtzel, Superior Court, judicial district of New Haven at New Haven, Docket No. 275314 (April 9, 1991, Mihalakos, J.,3 Conn. L. Rptr. 520, 521). Therefore, the court "cannot look beyond the complaint for facts not alleged." Robert S. Weiss Associates,Inc. v. Wiederlight, 208 Conn. 525, 537, 546 A.2d 216 (1988). See also Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). CT Page 2272 Furthermore, "[i]n ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion."Meredith v. Police Commission, 182 Conn. 138, 140, 438 A.2d 27
(1980).
A. Claims for Negligence Against a Server of Alcohol
In their memorandum of law in support of their motions to strike Counts Two and Seven of the plaintiff's complaint, the defendants argue that Connecticut has consistently refused to recognize a claim for negligence against a server of alcohol. The defendants further argue that because the plaintiff's negligent supervision allegations are based on the service of alcohol, these claims are likewise prohibited against a server of alcohol.
In opposition, the plaintiff argues that the court should follow Henderson v. Dolan, Superior Court, judicial district of New Haven at New Haven, Docket No. 0361450 (February 21, 1995, Hodgson, J., 13 Conn. L. Rptr. 504), where the court, Hodgson, J., denied a similar motion to strike the plaintiff's negligence claim against a server of alcohol on the ground that a finding that the service of alcohol cannot, as a matter of law, be the proximate cause of an injury to a third-party, is a question of fact not properly decided by a motion to strike. The plaintiff alternatively argues that the claims for negligence should withstand the defendants' motions to strike because the plaintiff alleges causes of action for negligent supervision.
In Kowal v. Hofher, 181 Conn. 355, 357, 436 A.2d 1 (1980), the Connecticut Supreme Court stated that "[w]e have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another." "`While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury.'"Quinnett v. Newman, 213 Conn. 343, 345-46, 568 A.2d 786 (1990). In other words "[t]he rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." Nolan v. Morelli, 154 Conn. 432, 437, CT Page 2273226 A.2d 383 (1967).
In Henderson v. Dolan, supra, 13 Conn. L. Rptr. 505, the court, Hodgson, J., attempted to distinguish the line of cases culminating with Quinnett v. Newman, supra, 213 Conn. 343, stating that "[s]ince Quinnett was decided, when the Supreme Court has analyzed the issue of proximate cause, it has treated the issue as a factual one to be determined by the trier of fact. In Wasfi v. Chadha, 218 Conn. 200, 218 (1991), a medical malpractice case, a defendant claimed that any negligence on his part was superseded by the later negligence of another doctor, such that proximate cause was not established. . . . The Supreme Court did not regard the issue of proximate cause as to the first doctor as a matter of law but as a factual determination to be decided by the jury."
Because the decisions referred to in Henderson v. Dolan, Id., 504, address the issue of proximate cause with respect to negligence claims asserted against defendants other than servers of alcohol, these decisions do not qualify the line of cases refusing to recognize a cause of action for negligence against a server of alcohol. According to the principle of stare decisis, "`[a] decision of [the Connecticut Supreme Court] is a controlling precedent until overruled or qualified.'" White v.Burns, 213 Conn. 307, 355, 567 A.2d 1195 (1990). Therefore, the reasoning and holding of the line of cases culminating withQuinnett v. Newman, supra, 213 Conn. 343, governs the present situation. Accordingly, the plaintiff may not assert causes of action for negligent service against the defendants, servers of alcohol.
Regarding the allegation of negligent supervision, in Nolanv. Morelli, supra, 154 Conn. 440-41, the Connecticut Supreme Court recognized such a cause of action stating that "if a cause of action is not predicated on the defendant's furnishing, whether by sale or gift, intoxicating liquor, it would not fall within the common law rule that the consumption, rather than the furnishing, of intoxicating liquor is the proximate cause of intoxication and of any resulting damage to person or property. Thus, a cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons or other business visitors within his establishment would be unaffected by the common-law rule, whether they were or were not intoxicated and, if intoxicated, regardless of when, where, CT Page 2274 or how they became intoxicated. In such a situation, a patron or business visitor of the establishment who sustained an injury in person or property as a consequence of such negligence in supervision might have a common-law cause of action under the rule of cases such as Lowthert v. Loyal Order of Moose ofStamford Lodge 940 Inc., 147 Conn. 529, 533, 163 A.2d 106."
"As the court in Nolan instructs, the cause of action for negligent supervision, in order to avoid the limitations imposed by the effect of the doctrine of proximate cause, must not be predicated on the furnishing of alcohol." Bloski v. Castelano, Superior Court, judicial district of Waterbury, Docket No. 0115265 (March 21, 1995, Flynn, J., 14 Conn. L. Rptr. 346, 349). In Bloski v. Castelano, Id., the court, Flynn, J., concluded that "[t]he gravamen of the [negligent supervision] counts is that the defendants failed to take reasonable measures to avoid likely injuries caused by Joann Bloski's intoxication, failed to enact sufficient procedures to monitor the amount of alcohol served to Joann Bloski, and failed to prevent Ms. Bloski from driving after serving her excessive quantities of alcohol." Therefore, the court granted the defendants' motion to strike the plaintiff's negligent supervision claims. Id. See also Sego v. Debco, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 039650 (July 23, 1993, Jones, J., 8 CSCR 997).
In Count Two, ¶ 9 and Count Seven, ¶ 9, the plaintiff alleges, in relevant part, that the "decedents" deaths were caused by the negligence of the defendants in one or more of the following ways; in that they, their agents, servants, or employees: (a) served alcohol to Robert Romano . . . (b) sold Robert Romano alcoholic liquor . . . (c) failed to properly supervise and/or train their employees regarding identifying intoxicated patrons and refusing them service . . . (d) failed to adequately supervise patrons, especially Robert Romano, by allowing him to consume liquor on their premises . . . (e) continued to provide alcoholic liquor to the plaintiff . . . (f) provided alcoholic beverages to an intoxicated individual." (Emphasis added.) The plaintiff's allegations are grounded in negligent service, not negligent supervision. Therefore, the defendants, Andrews and Brannigan's Concepts' motion to strike Count Two of the plaintiff's complaint and the defendants, Palumbo Pizza, Dizes, and Pizza Barn's motions to strike Count Seven of the plaintiff's complaint are granted.
B. Sufficiency of Pleading for a Claim of Recklessness
CT Page 2275
In their memorandum of law in support of their motion to strike, the defendants argue that the use of the words "reckless and wanton" is insufficient to support a claim for recklessness. The defendants further argue that allegations that the defendant "repeatedly and continuously" served alcohol to an "obviously intoxicated" person are similarly insufficient. In opposition, the plaintiff contends that the allegations do support a claim for recklessness.
"There is a wide difference between negligence and reckless or wanton misconduct. . . . Recklessness is a state of consciousness with reference to the consequence of one's acts. . . . It `requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor `must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.'" (Citations omitted; Internal quotation marks omitted.) Sheiman v. LafayetteBank Trust Co., 4 Conn. App. 39, 45, 492 A.2d 219 (1985). "Willful, wanton, or reckless conduct has been defined as that which tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). Therefore, "[t]he mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., supra, 4 Conn. App. 46.
In Bonetti v. The Continental Corp., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0703607 (May 12, 1994, Wagner, J.), where the plaintiff alleged that "the conduct of the defendants was wanton and reckless in that defendants repeatedly and continuously served alcoholic beverages to the plaintiff when he was obviously intoxicated, and that defendants repeatedly and continuously served alcoholic beverages to the plaintiff when they knew or should have known the plaintiff would be driving when he left the defendant's establishment[,]" the court, Wagner, J., concluded that "[p]laintiff's claims of reckless and wanton conduct are unsupported by sufficiently alleged facts and are mere conclusions of law." Accordingly, the court, Wagner, J., granted the defendants' motion to strike. Similarly, in Shift v. MyCT Page 2276Brother's Place Ltd., Superior Court, judicial district of Middlesex at Middletown, Docket No. 65595 (March 5, 1993, Higgins, J.), where the plaintiffs alleged that the defendant "willfully, wantonly and recklessly sold alcoholic beverages to Keith W. Royce while he was intoxicated[,]" the court granted the defendants' motion to strike on the ground that "the plaintiffs have alleged no facts which would indicate that the defendants, or their agents, continued to serve Royce despite observable manifestations of intoxication." (Emphasis added.)
In contrast, in Coble v. Maloney, Superior Court, judicial district of Waterbury, Docket No. 089843 (November 16, 1990, McWeeny, J.), based on the plaintiff's allegations that "[t]he collision and the plaintiff's injuries and losses were the result of the willful, wanton and reckless conduct of the defendants . . . in that they served alcoholic liquor to an obviously intoxicated individual[,]" the court denied the defendants' motion to strike. Similarly, in Herbert v. BahamaBob's Hartford, Inc., et al., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 0513493 (November 15, 1994, Mulcahy, J.), based on the plaintiff's allegations that the patron was "visibly intoxicated" and "visibly disoriented" which the court felt constituted "`observable manifestations of intoxication' which go beyond a mere conclusion that defendants served Staubach while he was intoxicated[,]" the court, Mulcahy, J., denied the defendants' motion to strike.
In the present case, the plaintiff alleges that the defendants acted recklessly in that they, inter alia, "continuously served alcoholic liquor to Robert Romano when he was visibly and obviously intoxicated or when they should have known he was intoxicated." (Count Three, ¶ 9; Count Eight, ¶ 9). The plaintiff alleges sufficient facts to support claims for recklessness. Accordingly, the defendants, Andrews and Brannigan's Concepts' motion to strike Count Three of the plaintiff's complaint and the defendants, Palumbo Pizza, Dizes, and Pizza Barn's motions to strike Count Eight of the plaintiff's complaint are denied.
C. Common Law Public Nuisance Claim Against a Server of Alcohol
In their memorandum of law in support of their motion to strike, the defendants argue that Connecticut expressly refuses to recognize a common law public nuisance claim against a server of alcohol. In opposition, the plaintiff argues that this court CT Page 2277 should follow caselaw permitting a plaintiff injured while exercising a public right to assert a public nuisance claim.
In Quinnett v. Newman, supra, 213 Conn. 349, the Connecticut Supreme Court stated that "[i]n order to establish a cause of action in nuisance, the plaintiff must prove that the inherently dangerous condition is a continuing one and was the proximate cause of the plaintiff's injuries and damages." The Court continued, concluding that "[t]he proximate cause of the adult motorist's intoxicated condition . . . lies in his own immoderate use of the alcohol and not in its service to him by the defendant sellers. . . . Since the alleged act of the purveyors' cannot be the proximate cause of the injuries and damages that thereafter followed, the nuisance claim is fatally flawed." (Citation omitted.) Id.
Because the caselaw presented by the plaintiff, generally permitting a public nuisance claim, does not address the specific situation where a server of alcohol is pursued on a common law public nuisance claim, the caselaw offered by the plaintiff is not dispositive in the present case. Rather, Quinnett v. Newman, Id., 343, is directly on point. Accordingly, defendants, Andrews and Brannigan's Concepts' motion to strike Count Four of the plaintiff's complaint and the defendants, Palumbo Pizza, Dizes, and Pizza Barn's motions to strike Count Nine of the plaintiff's complaint are granted.
D. CUTPA
In their memorandum of law in support of their motion to strike, the defendants argue that the plaintiff fails to state actionable CUTPA claims, pursuant to General Statutes §§ 42-110a
through 42-110q, because the plaintiff fails to allege a business or consumer relationship with the defendants and further, because a single act of misconduct does not constitute a "trade practice" under CUTPA. In opposition, the plaintiff argues that a violation of CUTPA can be established by alleging a deceptive trade practice or a violation of public policy. The plaintiff further argues that a single act of misconduct will sustain a CUTPA violation.
(1) Single Act of Misconduct
The plaintiff alleges that the sale of alcoholic liquor to Robert Romano, "an already intoxicated person . . . constitutes CT Page 2278 an unfair and deceptive business practice." (Count Five, ¶ 10; Count Ten, ¶ 10). The plaintiff further alleges that "[s]aid unfair and deceptive practice constitutes a violation of Connecticut General Statutes § 42-110a et. seq." (Id., ¶ 11). The defendants argue that the sale of alcoholic liquor, a single act of misconduct, does not constitute a "trade practice" under CUTPA.
General Statutes § 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practice in the conduct of any trade or commerce." (Emphasis added.) In contrast, General Statutes §42-110g(a) refers to "a method, act or practice prohibited by section 42-110b." (Emphasis added.) Based on this inconsistency, there is a split in the Superior Court as to whether a single act can constitute a CUTPA violation. Shaw v. Melville Corp., Superior Court, judicial district of Litchfield, Docket No. 66752 (May 16, 1995, Pickett, J.). Nevertheless, "the majority of superior court decisions . . . have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." Id. Although the present action arises from a single act, this single instance of misconduct could support a violation of CUTPA.
(2) Plaintiff's Relationship with the Defendants
The purpose of CUTPA is to "put Connecticut in the forefront of state consumer protection." Heslin v. Connecticut Law Clinicof Trantolo Trantolo, 190 Conn. 510, 515, 461 A.2d 938 (1983). Therefore, a consumer relationship can give rise to a claim for a violation of CUTPA. Jackson v. R.G. Whipple, Inc., 225 Conn. 705,727, 627 A.2d 374 (1993). Nevertheless, the Connecticut Supreme Court has "concluded that `CUTPA is not limited to conduct involving consumer injury' and that `a competitor or other business person can maintain a CUTPA cause of action without showing consumer injury.'" Larsen Chelsey Realty Co. v. Larsen,232 Conn. 480, 496, ___ A.2d ___ (1995). Although CUTPA, as a remedial statute, is liberally construed, Hinchliffe v. AmericanMotors Corp., 184 Conn. 607, 615 n. 4, 440 A.2d 810 (1981), the plaintiff himself must have a relationship, either consumer or business, with the defendants, beyond being impacted by a party in a consumer or business relationship with the defendants. Further, because the plaintiff fails to allege a consumer or business relationship with the defendants, the plaintiff fails to allege legally sufficient claims for relief under CUTPA. CT Page 2279 Accordingly, the defendants, Andrews and Brannigan's Concepts' motion to strike Count Five of the plaintiff's complaint, and the defendants, Palumbo Pizza, Dizes, and Pizza Barn's motions to strike Count Ten of the plaintiff's complaint are granted.
M. HENNESSEY, J.