[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS MOTION TO STRIKE #125
The plaintiff, Dana Lee (Lee), filed a second amended complaint against the defendants. Splash Pacific Rim Grille, Inc. (Splash Pacific) and Donna Falci on January 26, 1998. The first count, directed against Splash Pacific only, alleges that Lee was injured in a one-automobile accident after leaving Splash Pacific, a restaurant and bar, in an intoxicated state. Lee contends that Splash Pacific negligently supervised and trained its employees because its employees served her alcohol when she was already intoxicated, and as a result, Splash Pacific is liable for Lee's injuries. The second count alleges that Splash Pacific and Falci recklessly continued to serve her alcohol when she was already intoxicated. Splash Pacific and Falci filed a motion to strike the complaint on February 26, 1998. The parties filed memoranda in support of their respective positions.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded. The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375,378, 698 A.2d 859 (1997): see Practice Book § 152, now (1998 Rev.) Practice Book § 10-39.
Splash Pacific moves to strike the first count on the grounds that it fails to state a recognized cause of action because it is based upon the negligent sale of alcohol despite the allegations of training and supervision with respect to negligent service. Lee asserts that there is a cause of action for the negligent service of alcohol, as well as for the negligent supervision and training of those who sell alcohol. Therefore, Lee maintains the motion to strike should be denied. "At common law there is no CT Page 2752 cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." (Internal quotation marks omitted.) Quinnett v. Newman,213 Conn. 343, 345-46, 568 A.2d 786 (1990).
Lee cites Kayser v. Stelmaszek, Superior Court, judicial district of Danbury at Danbury, Docket No. 321805 (April 4, 1996,Moraghan, J.) (16 Conn. L. Rptr. 409) and Henderson v. Dolan, Superior Court of New Haven at New Haven, Docket No. 361450 Rptr. 504), in sunport of her position that there is a cause of action for the negligent service of alcohol. This court follows the majority of Superior Court decisions that have refused to recognize such a cause of action because doing so would conflict with Quinnett v. Newman, supra, 213 Conn. 343.[1]
Lee alleges that Splash Pacific was negligent in supervising and training its employees "in regard to serving intoxicating liquor to those who are visibly and obviously intoxicated." Second Amended Complaint, First Count, ¶¶ 5 and 6. The common law rule that a liquor vendor cannot be liable for the negligent sale of alcohol does not apply to "[a] cause of action predicated on negligence in the failure of the proprietor of a restaurant, or his servants or agents, to exercise reasonable care in the supervision of the conduct of patrons and other business visitors
within his establishment. . . ." (Emphasis added.) Nolan v.Morelli, 154 Conn. 432, 440, 226 A.2d 383 (1967).
This exception to the common law rule does not apply to Lee, however, because she does not allege her injury was caused by the conduct of patrons or business visitors in the Splash Pacific Rim Grille. Lees claims of negligent supervision and training are clearly based on the negligent sale of alcohol. There is no cause of action for the negligent sale of alcohol and the first count of Lee's complaint is stricken.
Lee alleges in the second count of her complaint that Splash Pacific was "wanton and reckless in continuously serving liquor" to her when she was "visibly and obviously intoxicated." Second Amended Complaint, Second Count, ¶ 5. "In order to prove that CT Page 2753 a sale of intoxicating liquor was made in a wilful, wanton and reckless manner, the plaintiff must demonstrate that the defendants . . . [engaged in] highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Coble v. Maloney, 34 Conn. App. 655, 661,643 A.2d 277 (1994); see Dubay v. Irish, 207 Conn. 518, 532-33,542 A.2d 711 (1988).
Splash Pacific argues that Lee cannot state a reckless service of alcohol claim because Lee was the intoxicated person injured in her accident. In Kowal v. Hofher, 181 Conn. 355,436 A.2d 1 (1988), the Supreme Court allowed Kowal's administrator to maintain an action against a liquor vendor who wantonly and recklessly served alcohol to an intoxicated person. The intoxicated person later was involved in an automobile accident with Kowal that resulted in Kowals death. Lee is correct in asserting that the holding in Kowal v. Hofher, supra,181 Conn. 355, is not limited to innocent third parties like Kowal, because that case based its decision on two out-of-state cases where the intoxicated plaintiff successfully sued liquor vendors for the reckless and willful service of alcohol.[2] Therefore, Lee can maintain an action against Splash Pacific for the reckless service of alcohol.
Splash Pacific also maintains that Lee did not plead sufficient facts to demonstrate a claim of reckless or wilful service of alcohol. "In order to sustain a cause of action alleging willful, wanton and reckless misconduct in the service of alcohol, [Lee] must plead facts, and not mere conclusions, which indicate that [Splash Pacific] knowingly served an intoxicated person." Gumkowski v. U.S.S. Chowder Pot, III, Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere, J.). "[The] mere use of the words "obviously intoxicated [in a complaint alleging wanton, wilful or reckless conduct] is enough." Id.; see Dziekanv. Shillelagh Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 346440 (November 12, 1993,Zoarski, J.).
Lee alleges "the defendants . . . were wanton and reckless in continuously serving liquor to the plaintiff . . ., when the plaintiff was visibly and obviously intoxicated." Second Amended Complaint, Second Count, ¶ 5. Lee has alleged sufficient facts to state a claim of wanton or reckless conduct and that the CT Page 2754 motion to strike is denied as to this count.
Splash Pacific's motion to strike is granted as to the negligence count of Lee's second amended complaint, but denied as to the reckless service count.
Moran, J.