[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action arises out of an automobile accident which occurred in September of 1998 on Keeney Street in Glastonbury. It is alleged that Richard Totten was operating a motor vehicle in which the plaintiff's decedent Kelly Griffiths was a passenger. Mr. Totten had been served alcohol while a patron of the Diamond Café prior to the accident. The defendant James A. Kennedy is alleged to have been the permittee of the Diamond Café.
The Sixth Count of the plaintiff's complaint asserts a cause of action for negligent service of intoxicating liquor by a commercial establishment.
In its 1980 decision in Kowal v. Hofher, 181 Conn. 355,357-58, 456 A.2d 1 (1980) the Supreme Court stated: CT Page 8981
 We have held in a number of cases that there is no common-law action in negligence against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or another. . . ." We adhered to this principle most recently in Slicer v. Quigley, 180 Conn. 252, 255, 429 A.2d 855
(1980). The reason underlying the rule is that the proximate cause of the intoxication was not the sale or furnishing of the liquor but the consumption of it by the purchaser or donee." (Citations omitted.)
The issue of a common law negligence cause of action for the serving of alcoholic beverages was visited by the Superior Court in Henderson v. Dolan, Superior Court, judicial district of New Haven at New Haven, docket no. 361450 (February 21, 1995,Hodgson, J.) (13 Conn. L. Rptr. 504).
Judge Hodgson denied a motion to strike on facts that were remarkably similar to the facts in the instant case.
In that opinion the court noted:
 Since Quinnett v. Newman, 213 Conn. 343, 568 A.2d 786
(1990)]" was decided, when the Supreme Court has analyze the issue of proximate cause, it has treated the issue as factual one to be determined by the trier of fact.
 Henderson v. Dolan, supra, 13 Conn. L. Rptr. 505."
At the time of Judge Hodgson's opinion in Henderson the case could easily have been read as a precursor for a change of direction by the Connecticut Supreme Court. Although more than four years have passed neither the Appellate Court nor the Supreme Court has had occasion to validate the reasoning found inHenderson. Subsequent to Henderson v. Doyle five superior court decisions have considered that case in the context of a claim of negligent service of alcohol. Each of the five trial court judges has chosen not to follow the Henderson decision. Gumkowski v.U.S.S. Chowder Pot III Ltd., Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 19 1995,Hartmere, J.). Karp v. American Legion Department of Connecticut,Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 462879 (October 25, 1995, Arena, J.), CT Page 8982Fortuna v. Connecticut Light Power, Superior Court, judicial district of Middlesex at Middletown, Docket No. 072106 (February 15, 1996, Stanley, J.). Valle v. Andrews, Superior Court, judicial district of Hartford New Britain at Hartford, Docket No. 552111 (March 9 1996, Hennessey, J.). Lee v. Flash Pacific RimGrille, Superior Court, judicial district of New Haven at New Haven, Docket No. 399683 (March 3, 1999, Moran, J.) (24 Conn. L. Rptr. 233).
The motion to strike is granted.
Kevin E. Booth, J.