[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Nadene L. Keson, the administratrix of the estate of her deceased son, Doran Lee Keson, filed an amended twelve count complaint seeking damages for the death of her son, who, after leaving a party, lost control of his vehicle and was killed. Paragraph five (5) of counts ten, eleven and twelve alleges that Joseph Durante, Adam Honeychurch, Jason Ewasko and Thomas Maurath, all minors at the time of the incident, were negligent in that they (a) purchased beer when they were twenty years old; (b) aided the decedent in having beer available to him, when they knew or should have known that the decedent's consumption of beer might result in his injury or death; and, (c) failed to prevent the decedent from operating a vehicle, when they knew the decedent had consumed large amounts of beer, and that they also knew or should have known that the decedent was intoxicated. The plaintiff also alleges gross negligence and reckless and wanton behavior against the same minor defendants.
The defendant Maurath has filed a motion to strike the tenth, eleventh, and twelfth counts of the amended complaint. That motion was granted by the court (Moraghan, J.) (citing the case Lebrun v. Callahan, 5 CSCR 79 December 13, 1989, Gormley, J.). The plaintiff thereafter filed a substituted complaint. The defendant again filed a motion to strike the substituted counts ten, eleven and twelve asserting that the added language as contained in the substituted complaint is not sufficient to cure the defect which was the subject of the prior motion to strike.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the CT Page 3625 motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 131. The motion admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
The defendant argues that the insertion of new paragraphs adds nothing to the complaint which was previously stricken as the factual predicate remains the same, i.e., that the defendant is a minor and based on Ely v. Murphy, 207 Conn. 88, minors are not charged with the duty owed by adults. He also claims that the court in Lebrun v. Callahan supra, held that the expanded liability of adults in Ely does not apply to the situation in which one minor serves liquor to another minor.
Conversely, the plaintiff responds that the Ely case does not stand for the proposition that minors are not charged with the duty of adults. She contends that by alleging in the added paragraphs that the minor defendants served alcohol and that as a result of this service the decedent became intoxicated, she has successfully pleaded a cause of action supported by Lebrun and contemplated by Ely. In Ely, the plaintiff, in his capacity as administrator of the estate of his deceased son, brought an action in four counts seeking damages for his son's wrongful death. That litigation arose out of an incident in which the defendant hosted a graduation party, purchasing twelve half kegs of beer for the event. Ultimately, a drunken guest who was departing from the party struck the plaintiff's decedent with his vehicle.
The Ely court found that the trial court erred in striking the allegations regarding the negligent service of alcohol and directing a verdict for the defendant regarding the allegations of negligence that remained. It recited that in view of the legislative determination that minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury. This is not to say, however, that the social host or other purveyor of alcohol is CT Page 3626 absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect. Ely v. Murphy, supra, 95-97.
In Lebrun, supra, the plaintiff administrator of the estate of his deceased minor child, filed a wrongful death and negligence action and asserted that his decedent, a minor, attended a party hosted by the minor defendant, Urvi Mehta, at her parents' residence. He claimed that another minor defendant, Butler, purchased a keg of beer, and that Butler and others transported the keg to the party where they allegedly "sold and/or gave" beer to the guests. The court in Lebrun remarked that it was of note to mention that there was no allegation in the complaint as to whom the beer was specifically provided, and no allegation that anyone became intoxicated as a result thereof. The complaint continued in the fifth count that the injuries and death of the decedent were caused by the negligent acts of the minor defendant Mehta. In granting Mehta's motion to strike the fifth count, the court concluded that although Ely expanded common law liability where an adult serves a minor, it did not do so in the case of a minor serving alcohol to another minor. Even if that were not the case, the allegations in the fifth count are insufficient to support such an action against the defendant Mehta. In Ely, the court emphasized that the plaintiff alleged that the defendants provided alcohol to the minor defendant who fatally injured the decedent and that they continued to serve alcoholic beverages to the defendant when they knew or should have known he was intoxicated. Ely, 207 Conn. at 91 n. 4. In this action, the plaintiff failed to allege that the minor defendant Urvi Mehta served alcohol to the defendant Callahan who fatally injured the decedent. Lebrun v. Callahan, supra, 81.
The seventh count in Lebrun alleged that the decedent's injuries and death were the result of Butler's negligence and wanton and reckless conduct in purchasing and supplying beer for consumption at the party. The court granted Butler's motion to strike and noted that whether a cause of action exists against a minor for the negligent service of alcohol to another minor has already been addressed. Even if such a cause of action was maintainable, the allegations of the seventh count are insufficient to state a cause of action against Butler based on negligence. Again, there is no allegation that Butler served beer to any named individual or that any named individual became CT Page 3627 intoxicated and as a consequence thereof caused the decedent's death. That count was insufficient to state a cause of action in negligence under Ely because there were no allegations that the defendant Butler served alcohol to the defendant Callahan who fatally injured the decedent. After the ruling on the motion to strike, the plaintiff filed amendments to her complaint including amendments to the stricken counts five and seven.
Dorsey, J., speaking in Lebrun, stated that "Judge Gormley relying on Ely v. Murphy, 207 Conn. 88 concluded that the Ely modification of common law immunizing negligent vendors of alcohol did not extend to social host situations wherein a minor supplies alcohol to another minor. The court does not feel compelled to defer to this reading of Ely. Judge Gormley also noted however that even if his reading were not correct the count charging negligence was legally insufficient. The court agrees with this conclusion. Nowhere in the Substituted Revised Complaint of December 28, 1989 or the Second Substituted Complaint of August 22, 1990 does the plaintiff charge any defendant with supplying alcohol to an intoxicated person. The court sustains motions to strike predicated on negligently supplying alcohol by one minor to another minor on this basis. The remaining issue involves motions to strike claims predicated on the wanton and reckless conduct of . . . Butler . . . The court is not prepared to say that existing law does not recognize as legally sufficient causes of action predicated on wanton and reckless conduct by a minor in supplying alcohol to another minor. A review of those cases which have recognized causes of action based on wanton and reckless furnishing of alcohol, Kowal v. Hofher, 181 Conn. 355 (1980); Boehm v. Kish, 201 Conn. 385
(1986) reveals the plaintiffs have specifically pleaded that the defendant served alcoholic beverages to a specific individual who was already intoxicated. Judge Gormley found such an allegation lacking in the previous complaint and granted defendant's motion to strike. It is lacking in the present complaint in counts five (Urvi Mehta), [and] count seven (Gregory Butler). . . . Accordingly, the motions to strike these counts insofar as they are grounded on reckless and wanton supplying of alcohol by one minor to another are granted." (See Memorandum of Decision No. 186, dated May 13, 1991, Dorsey, J.)
Finally, in Manzione v. AMF Bowling Centers, Inc., 8 CSCR 69
(January 18, 1993, Fracasse, J.), the plaintiff brought an action alleging that the defendants served intoxicating liquor to the plaintiff's decedent, a minor, who would later die as a result of CT Page 3628 a fatal car accident upon leaving defendants' premises. The defendant as in Manzione filed a special defense alleging that any injuries or damages as alleged were caused by the voluntary consumption of alcohol by the decedent. The plaintiff filed a motion to strike this special defense, relying on Ely v. Murphy, supra, in that voluntary consumption of intoxicating liquors is not a defense in an action involving service of intoxicating liquors to a minor.
Fracasse, J., in Manzione, declared that in the Ely case, the Supreme Court created an exception to the common law rule enunciated in Nolan v. Morelli, 154 Conn. 432, 436-437
[226 A.2d 383 (1967)]; which held that "the negligent furnishing of alcohol to minors gave rise to a cause of action for the victims of the minor's inebriated driving." Quinnett v. Newman, 213 Conn. 343,346, 352 [568 A.2d 786 (1990)]; it also held that the purveyor was not absolutely "liable to the minor served. . . ." Ely v. Murphy, supra, 97. "Among the cases specifically overruled by Ely is Moore v. Bunk, 154 Conn. 644 which, applying the common law rule, denied recovery to the plaintiff who, as a minor, voluntarily consumed intoxicating liquor dispensed by defendants. Therefore, the scope of the Ely exception was intended to encompass a tort claim in which the plaintiff is a minor who voluntarily consumed intoxicating liquor." He concluded that this is "in accordance with the principles established in Ely that a question of fact is framed as to whether or not the furnishing of intoxicating liquor to a minor, the voluntary consumption of said liquor by the minor, or any other factor is the proximate cause of intoxication or any damage therefrom. Therefore, it followed that the motion to strike the fourth special defense must be denied as the special defense alleged a viable defense which must be resolved by the trier of fact." Manzione v. AMF Bowling Centers, Inc., supra, 70.
In the present case, the substituted complaint has been revised to add additional paragraphs to counts ten, eleven and twelve. In paragraph 5 of count ten, the plaintiff has amended the original complaint with subparagraphs (d) and (e) which use the following language: "The death of the decedent as set forth aforesaid was caused by the negligence and carelessness of . . . Thomas Maurath . . . . (d) In that . . . [he] procured said beer for the purpose of serving said beer as a beverage to the guests of the aforestated parties, some or all of whom were minors, including the decedent, when . . . [he] knew or should have known that the consumption of the beer by the decedent might result in CT Page 3629 the decedent's injury and/or death; (e) In that . . . [he] transported said beer, along with a tap, drinking cups, and a funnel, set up the keg of beer at said party, and served said beer to said minor guests at the aforestated party, one of whom was the decedent, when . . . [he] knew or should have known that the consumption of the beer by the decedent might result in the decedent's injury and/or death." The substituted complaint also adds paragraph 6 to count ten and it contains the following verbiage: "As a result of the negligence and carelessness of the Defendants, Joseph Durante, Adam Honeychurch, Jason Ewasko and/or Thomas Maurath, as set forth aforesaid, the decedent consumed said beer, and did, in fact, become intoxicated."
Paragraphs 5a through 5e of count ten are incorporated in count eleven. Paragraph 6 of count eleven is identical to that of count ten, with an allegation of gross negligence being substituted for the allegation of negligent and careless conduct. It is here appropriate to recognize that the facts as stated in both Ely or Lebrun, supra, are not analogous to the facts of the present case. The factual predicate for both the Ely and Lebrun decisions originated with the serving of alcohol to an individual who would later cause the death of an innocent third party. In the present case, the alcohol was allegedly served to and consumed by the person who would later lose his life.
The facts of Ely and Lebrun comport more closely with the reasons why the legislature, pursuant to General Statutes, Sec.30-102, the Dram Shop Act, allowed a measure of recovery to victims of acts of intoxicated persons. At common law, no action in negligence existed against one who furnished intoxicating liquor to a person who voluntarily became intoxicated and injured the person or property either of himself or another. (Emphasis added.) Olson v. Tompkins, 6 CSCR 850 (August 28, 1991, Pickett, J.), citing Quinnett v. Newman, supra, 345-46. "In enacting Sec.30-102 and abrogating the common law bar to a cause of action, the legislature thus allowed some measure of recovery to victims of acts of intoxicated persons." (Emphasis added.) Kelly v. Fiqueiredo, 223 Conn. 31, 38. The "victim" in this case, Doran Keson, voluntarily became intoxicated and injured himself, which, on the facts, is dissimilar from the victims in Ely and Lebrun (innocent third parties victimized by an intoxicated person who was previously served alcohol by a social host) and are more convergent with the common law rule precluding liability. But see Manzione. Courts have not recognized as victims those situated as the decedent in this case in the analogous context of CT Page 3630 the Dram Shop Act. See Nolan v. Morelli, 54 Conn. 432. Ely addresses a minor's incompetence to accept responsibly for his consumption of alcohol, and it is silent as to a minor's culpability in the negligent service of alcoholic beverages to another minor. Lebrun on the other hand, addresses the negligence of minors as it relates to the service of alcohol in both the context of negligence and wanton and reckless behavior.
In the present case, we now discover allegations that the defendant supplied alcohol to the decedent, that the defendant became intoxicated and operated a vehicle, and that the decedent was killed after losing control of his vehicle. With deference being given to Judge Dorsey's analysis in Lebrun, supra, the revised allegations as contained in counts ten, eleven and twelve of the substituted complaint have cured the defects of the previous stricken counts and, as it relates to legal sufficiency only, are within the parameters set by the court in Lebrun, supra. The motion to strike counts ten and eleven is denied.
Paragraphs 5a through 5c are again incorporated in count twelve. Those paragraphs are identical to those of count ten, with an allegation of reckless and wanton conduct being substituted for the former allegation of negligent and careless conduct. In addition, in count twelve, paragraph six is identical to that of count ten, with an allegation of reckless and wanton behavior being substituted for the former allegation of negligence.
"A cause of action claiming wanton and reckless misconduct is `separate and distinct' from a cause of action alleging negligence." Belanger v. Village Pub I., Inc., 26 Conn. App. 509,513, quoting Kostiuk v. Queally, 159 Conn. 91, 94. "There is a wide difference between negligence and reckless and wanton misconduct. [Citation omitted.] `Recklessness is a state of consciousness with reference to consequences of one's acts. [Citation omitted.] It `requires a conscious choice of a course of action either with knowledge of . . . facts which would disclose this danger to any reasonable man,' and the actor `must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.' [Citations omitted.] It is `more than negligence, more than gross negligence.'" Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 45-46. "Both terms refer to `highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is CT Page 3631 apparent.' . . ." Belanger v. Village Pub I, Inc., supra, 513, quoting W. Prosser W. Keeton, Torts (5th Ed.), Sec. 34, p. 214.
"The mere use of the words `reckless' and `wanton' by the plaintiffs will be insufficient to raise an actionable claim of reckless and wanton misconduct." Morin v. Kelly, Superior Court, Judicial District of Hartford/New Britain at Hartford, No. 701113, (Oct. 25, 1993, Hennessey, J.), quoting Sheiman v. Lafayette Bank Trust Co., supra, 46. "To survive a motion to strike, the plaintiffs `must plead actual facts which indicate the defendant[s] knowingly served an intoxicated person, not just conclusions." (Citations omitted.) Morin v. Kelly, supra.
In the present action, the plaintiff has alleged, inter alia, that the defendant not only recklessly and wantonly procured beer in order to serve it to guests attending the party, but also served the beer to minor guests at the party, including plaintiff's decedent who became intoxicated. The plaintiff continues by alleging that the defendant knew or should have known that the decedent's consumption of the beer may have resulted in his death. Indeed, although the factual predicate of the plaintiff's claims of reckless and wanton behavior are similar to the plaintiff's allegations of negligence, the twelfth count sufficiently alleges that the defendant's actions constitute a reckless disregard for the safety of the plaintiff's decedent.
 This court cannot conclude without a strong endorsement of a vehement dissent by Justice Hull in Quinnett v. Newman, supra, who, quoting Victor Hugo, stated: `Greater than the tread of mighty armies is an idea whose time has come.'
 Judges, like it or not, are part of society. As such, we cannot be blind to changing social mores. A national wave of revulsion has arisen against the frightful tragedies caused by drunken drivers. I take judicial notice of the efforts of MADD, SADD and RID, as well as certain determined Connecticut legislators, to curb such atrocities.
 The continued existence of the present law is a blot on the social conscience and will, sooner or later, be corrected. . . . Why not now? Quinnett v. Newman, supra, 354.
Dufficy v. Mohring, 9 CSCR 29, 30 (January 17, 1994).
The motion to strike count twelve is also denied. CT Page 3632
Moraghan, J.