[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Bridget and Russell Kayser (hereafter "Kaysers"), instituted this proceeding against John Stelmaszek (hereafter "Stelmaszek"); Pitney Bowes, Inc. (hereafter "Pitney Bowes"); Capellaro's Grove; and Joseph J. Bajoros (hereafter "Bajoros"), for injuries sustained when a car driven by Russell Kayser was struck by a car driven by Stelmaszek. The Kaysers allege that the accident was the result of a series of events which began at a company outing sponsored by Pitney Bowes on August 13, 1993. Pitney Bowes arranged an outing for its employees at Capellaro's Grove, owned by Bajoros, the liquor permittee, during regular working hours. At the outing, unlimited amounts of alcohol were served to employees, including Stelmaszek. After leaving the outing, Stelmaszek became involved CT Page 2992 in the accident with Kayser, resulting in serious and permanent injuries to Kayser.
The first count of the seven-count complaint alleges negligence on the part of Pitney Bowes by, inter alia (1) failing to implement precautionary procedures such as a designated driver program; (2) failing to properly supervise the outing; (3) failing to warn its employees of the hazards of drinking and driving; (4) failing to properly monitor the consumption of alcohol of its employees; (5) allowing Stelmaszek to drive his automobile when they knew or should have known he was intoxicated; (5) allowing an unrestricted amount of alcohol to be consumed by its employees; and (6) service of more than one alcoholic beverage to any one person for consumption at one time, and/or offering or delivering an unlimited number of drinks at the outing in violation of Sec. 30-6-A24-b of the Connecticut Regulations (sic).
In the second count, the Kaysers allege negligence on the part of Pitney Bowes on the basis of vicarious liability for the conduct of its employee Stelmaszek. The third count also sounds in negligence and is directed towards Stelmaszek for operating his vehicle while under the influence of alcohol, and in violation of numerous Connecticut regulations and statutes. Count four purports to allege a cause of action against Bajoros and Capellaro's Grove for gross negligence. This count is premised on the factual allegations of the previous counts as well as the allegations that Bajoros and Capellaro's Grove, inter alia, (1) failed to properly supervise the outing; (2) permitted the improper and unsupervised consumption of alcohol at the outing; (3) failed to warn co-defendant Pitney Bowes or its employees of the hazards of drinking and driving; (4) permitted the employees of Pitney Bowes, including Stelmaszek, to have unlimited access to alcoholic beverages at the outing; (5) failed to discourage or prevent the employees of Pitney Bowes, including Stelmaszek, from drinking and driving; and (6) violation of regulation Sec. 30-6-A24-b of the Connecticut Regulations (sic). Count five purports to allege a cause of action against Bajoros and Capellaro's Grove in negligence based on the aforementioned conduct.
Count six claims a cause of action against Bajoros and Capellaro's Grove for recklessness. The Kaysers incorporate the allegations of the previous counts and further allege that Stelmaszek, after consuming alcohol provided by Bajoros and Capellaro's Grove, "acted with a disregard for the rights and CT Page 2993 safety of others and/or in a wanton or reckless manner in one of more of the following ways . . . in that . . . [they]: (a) failed to properly supervise or monitor the outing with respect to the consumption of alcohol by the persons in attendance; (b) failed to discourage or otherwise prevent John Stelmaszek from operating his vehicle under the conditions then and there existing; (c) permitted an unrestricted open tapped keg of beer to exist under the circumstances; (d) failed to warn or otherwise instruct the persons in attendance about the hazards of drinking and driving; (e) permitted defendant Pitney Bowes' employees, and other persons in attendance at said outing, including John Stelmaszek, to have unlimited access to alcoholic beverages . . . despite the fact that they knew or should have known it was unreasonable to do so under the conditions; . . . [and] (l) [Bajoros] . . . or the representatives of Capellaro's sold, offered, or otherwise delivered more than one alcoholic beverage to any one person for consumption at one time and/or offered or delivered an unlimited number of drinks at that time in violation of Connecticut Regulation § 30-6-A24-b [sic]." Finally, count seven incorporates the allegations of count one and alleges a cause of action for loss of consortium on behalf of Bridget Kayser due to her husband's substantial injuries.
BAJOROS' AND CAPELLARO GROVE'S MOTION TO STRIKE
Bajoros and Capellaro's Grove filed a motion to strike counts four, five and six of the complaint on the ground that they fail to state legally sufficient causes of action. As to count four, these defendants argue that there is no recognized cause of action in Connecticut for gross negligence for the service of alcohol. Similarly, Bajoros and Capellaro's Grove argue that there is no recognized cause of action for the negligent service of alcohol resulting in injury to another. Count six is alleged to be insufficient "in that it fails to allege an element essential to a claim for willful, wanton and reckless misconduct," namely, the allegation of willfulness.
In their brief filed in opposition, the Kaysers respond that counts four and five are legally sufficient because their allegations of gross negligence and negligence, respectively, are based on more than mere service of alcohol to Stelmaszek. Specifically, the Kaysers argue that counts four and five include allegations that codefendant Pitney Bowes served alcohol to its employees at the outing, and that Bajoros and Capellaro's Grove were grossly negligent in failing to warn Pitney Bowes of the CT Page 2994 hazards of drinking and driving, among other things. The Kaysers also allege that Bajoros and Capellaro's Grove were negligent and/or grossly negligent by failing to supervise the activities at the outing "in a manner unrelated to the . . . service of alcohol." Thus, the Kaysers conclude that counts four and five are legally sufficient.
The Kaysers assert that count six states a legally sufficient cause of action for recklessness because, although they did not specifically include the word "willful" in the allegations of count six, they have pleaded facts sufficient to support a cause of action for recklessness. Specifically, the Kaysers argue that paragraph 28 of count six lists twelve ways in which Bajoros and Capellaro's Grove acted recklessly, including that the defendants "acted with a disregard for the rights and safety of others . . . in that [they] . . . failed to properly supervise or monitor the outing . . . failed to warn or . . . instruct the persons in attendance about the hazards of drinking and driving . . . permitted defendant Pitney Bowes' employees . . . to have unlimited access to alcoholic beverages . . . [and] had actual or constructive knowledge that John Stelmaszek was intoxicated yet permitted him to consume additional alcohol under the circumstances and thereafter leave the outing in his vehicle . . . ." Thus, they claim that their failure to include the "buzz word" of willfulness on the part of the defendants does not render count six legally insufficient.
PITNEY BOWES' MOTION TO STRIKE
Pitney Bowes has filed a motion to strike the first count of the complaint for legal insufficiency on the ground that "said count seeks to impose liability upon Pitney Bowes for the negligent service of alcohol[,] which cause of action is not recognized in Connecticut." In its brief, Pitney Bowes relies onBoehm v. Kish, 201 Conn. 385, and State v. Wassil, 233 Conn. 174, for the proposition that there is no cause of action for the negligent service of alcohol in Connecticut.
The Kaysers answer that Pitney Bowes' motion to strike should be denied because the allegations of negligence in count one rest on more than mere service of alcohol to Stelmaszek; rather, count one alleges that Pitney Bowes was negligent by failing to warn, monitor, or supervise the outing, which was held during the company's regular working hours. Further, the Kaysers allege that Pitney Bowes was negligent, as the organizer of the outing, by CT Page 2995 failing to establish precautionary procedures such as a designated driver program. Thus, the Kaysers argue, their allegations of negligence are based on more than mere service of alcohol, and as such, count one is legally sufficient. Finally, the Kaysers argue that count one states a legally sufficient claim for negligence for the service of alcohol because the issue of negligence is a factual question for the jury.
The function of a motion to strike is "to test the legal sufficiency of a pleading." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384. "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142. On a motion to strike "[t]he trial court [has an] . . . obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606.
COUNTS FOUR AND FIVE
Bajoros and Capellaro's motion to strike counts four and five of the complaint, should be and are hereby denied. While some courts have held that there is no common law cause of action for gross negligence for service of alcohol; Bioski v. Castelano,14 Conn. L. Rptr. 346, 347-48 (March 21, 1995, Flynn, J.) (gross negligence and negligence); Gumkowski v. U.S.S. Chowder Pot, III,
Superior Court, Judicial District of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere, J.) (gross negligence); or for negligence for service of alcohol; Ventura v.Veterans of Foreign Wars No. 269, Inc., 14 Conn. L. Rptr. 226
(May 3, 1995, Walsh, J.) (negligence); those cases have been based on the mere furnishing of alcohol to one who later commits a tortious act.
By contrast, in this case, the Kaysers' complaint alleges negligence and gross negligence on the basis of more than simply furnishing alcohol to Stelmaszek. The complaint recites numerous other grounds on which the Kaysers base their allegations of gross negligence and negligence, to wit: failure to properly supervise and monitor the distribution of alcohol, failure to warn codefendant Pitney Bowes of the dangers of drinking and driving, and permitting the employees of Pitney Bowes to have unlimited access to alcoholic beverages at the outing, among other things. In sum, the Kaysers' carefully drafted complaint is sufficient to withstand a motion to strike. CT Page 2996
It should be pointed out that while some courts have rejected the theory of gross negligence as a separate tort doctrine;Stebbins v. Staschke, 3 CSCR 421 (March 21, 1988, Reynolds, J.); other courts have recognized gross negligence as a viable cause of action. See Jameson v. Royal Equities, Superior Court, Judicial District of Waterbury, Docket No. 059526 (July 16, 1982, Berdon, J.); Sumara v. Loyal Order of Moose, Superior Court, Judicial District of Tolland at Rockville, Docket No. 49012 (January 15, 1993, McWeeny, J.).
It should be remembered that this court has previously held, as have other courts, that there is a recognizable cause of action for the negligent and grossly negligent furnishing of alcohol to others. See Dufficy v. Mohring, 9 CSCR 29 (December 7, 1993, Moraghan, J.) (gross negligence); Keson v. Unkel,9 CSCR 479 (April 13, 1994, Moraghan, J.) (gross negligence and recklessness); Henderson v. Dolan, 13 Conn. L. Rptr. 504
(February 21, 1995, Hodgson, J.) (negligence). Because counts four and five contain factual allegations beyond mere negligent and/or grossly negligent service of alcohol, and reading the complaint in the light most favorable to sustaining its legal sufficiency, as this court is required to do; ConnecticutNational Bank v. Douglas, supra, these counts state legally sufficient causes of action. Thus, the motion to strike these counts is denied. This court's prior holdings in Dufficy v.Mohring and Keson v. Unkel, supra, as well as Judge Hodgson's decision in Henderson v. Dolan, supra, are believed to accurately represent Connecticut law, particularly as it pertains to the issue of proximate cause, notwithstanding the questions raised by other learned judges of the Superior Court. See Ventura v.Veterans of Foreign Wars No. 269, supra; Gumkowski v.U.S.S. Chowder Pot III, supra.
COUNT SIX
The motion to strike count six is also denied. While the Kaysers concede that they have not specifically used the word "willful" in count six, they argue, and their argument is persuasive, that they have pleaded facts in support of count six sufficient to withstand a motion to strike. The Kaysers' failure to use the "buzz word" "willful" does not render the complaint deficient. "The mere use of the words reckless and wanton by the plaintiffs will be insufficient to raise an actionable claim of reckless and wanton misconduct. . . . To survive a motion to CT Page 2997 strike, the plaintiffs must plead actual facts which [support their claim] . . . not just conclusions." (Internal quotations marks omitted; citations omitted.) Keson v. Unkel, supra. Accordingly, the motion to strike count six is denied.
COUNT ONE
Next, addressing Pitney Bowes' motion to strike count one of the complaint, that motion too, should be denied. Pitney Bowes' argument is that there is no recognized cause of action for the negligent furnishing of alcohol to another, relying on State v.Wassil, 233 Conn. 174, 183 n. 7; and Boehm v. Kish, 201 Conn. 385,389. In response, the Kaysers argue that their allegations of negligence on the part of Pitney Bowes are based on more than mere furnishing of alcohol to Stelmaszek, but include allegations of failure to properly supervise the company outing, failure to implement a designated driver or other similar program, and service of more than one alcoholic drink to any one person for consumption at one time in violation of Sec. 30-6-A24-b of the Connecticut Regulation (sic).
Count one is legally sufficient because it contains factual allegations in addition to mere negligent service of alcohol. In particular, the Kaysers allege failure to supervise, failure to warn, and violations of Sec. 30-6-A24-b of the Connecticut Regulation (sic). These allegations, if true, could result in liability by Pitney Bowes for negligence.[1]
Finally, this court respectfully invites the Appellate Courts of this state to reconsider and clarify the issues of negligence, gross negligence, and proximate cause as they relate to improper service of alcohol to others. In the interim, the well-pleaded facts of this complaint are sufficient to withstand the defendants' motions to strike, and, accordingly, the motions are denied in their entirety.
Moraghan, J.