[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. FACTUAL AND PROCEDURAL BACKGROUND
This motion involved an apportionment claim which arose out of an automobile accident on February 26, 1995. The apportionment defendant, Lynn Mathieu, was a passenger in a van which was involved in an accident with a limousine owned by the defendant, Tours, Incorporated, and operated by the defendant, Frank Porto, Jr. A codefendant, Hugh Kerrigan, was the operator of the van which allegedly struck the rear of the limousine which contained the plaintiffs, Scott and Kristen Madigan and Ellen and Joseph Herdzik.
The apportionment complaint alleges that the apportionment defendant Hugh Kerrigan was operating the van under the influence of liquor (in violation of Section 14-227a
C.G.S.) and that he was a minor at the time who had been served at a bar known as Mad Murphy's, Inc. prior to the 2:00 A.M. accident. The apportionment complaint further alleges that Hugh Kerrigan's negligence and/or recklessness caused the accident due to his intoxication and/or impairment. It further alleges that Mad Murphy's, Inc. improperly served Kerrigan.
Count six of the apportionment complaint alleges that the apportionment defendant Lynn Mathieu was a patron at Mad Murphy's, Inc. that date and she furnished alcohol and/or allowed others to furnish alcohol to Kerrigan on the night of the accident.
By date of January 17, 1997, the apportionment defendant, Lynn Mathieu, filed a Motion for Summary Judgment as to count six of the apportionment complaint, contending that Connecticut does not recognize an action for negligent service of alcohol when a minor provides alcohol to another minor. On February 20, 1997, the defendants, Tours, Inc. and Frank Porto, Jr., filed a memorandum opposing the motion for summary judgment. CT Page 9107
This court, over the course of the past six months, has pretried this case and numerous other companion cases extensively. All motions had been stayed by this court with the agreement of all parties pending these pretrials. Counsel for the apportionment defendant, Lynn Mathieu, and the defendants, Tours, Inc. and Frank Porto, Jr., agreed to allow this court to hear this motion for summary judgment despite the fact that this case is a Waterbury Judicial District matter. This court agreed to same and oral argument was held on such motion on August 25, 1997. At that time all parties were present and had an opportunity to be fully heard by the court.
II. MOTION FOR SUMMARY JUDGMENT, LEGAL STANDARD
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." Catzv. Rubenstein, 201 Conn. 39 (1986). "The party seeking summary judgment has the burden of showing the absence of any genuine issues as to all material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." Suarez v. Dickmont Plastics, Corp.,229 Conn. 99 (1994). "Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v. Kissner, 229 Conn. 213 (1994). "Demonstrating a genuine issue requires a showing of evidentiary facts or substantial evidence outside the pleadings from which material facts alleged in the pleadings can be warrantably inferred." New Milford Savings Bank v. Roma,38 Conn. App. 240 (1995).
III. DISCUSSION
The only basis on which the apportionment defendant, Lynn Mathieu (hereinafter "Mathieu"), contends summary judgment should be granted is her argument that Connecticut does not recognize a cause of action for negligent service of alcohol when a minor provides alcohol to another minor. To support her CT Page 9108 position Mathieu cites to two primary cases: Bohan v. Last,236 Conn. 670 (1996) and Ely v. Murphy, 207 Conn. 88 (1988). Prior to these two cases the common law in Connecticut established the social host liability rule: "a purveyor of alcohol had no duty to exercise due care in the service or gift of alcohol because `the subsequent injury ha[d] been held to have been proximately caused by the intervening act to the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury.'"
Ely modified this general rule by extending liability to an adult social host who serves liquor to a minor who thereafter injures an innocent third party. Bohan held that there is responsibility on the part of adult purveyors (i.e. bars) to refrain from negligently and intentionally serving alcohol to minors.
Mathieu argues that she was a minor at the time, twenty years of age; and consequently, she can have no liability. Mathieu argues that the law presumes that she is unable to understand the effects of alcohol.
This court is not persuaded by Mathieu's argument. In repeating Mathieu's own language as set out in her memorandum: one must conduct a "thoughtful reflection of trends in modern society". On this basis this court is persuaded by the defendants' arguments regarding who is and who is not a minor. While it is true that Section 30-1 (20) defines who is a minor for purposes of establishing legal drinking age, Section 1-1d
of the Connecticut General Statutes establishes who is a minor for purposes of incurring legal liability. That section states:
 1-1d. Minor, infant, infancy, age of majority, defined:
 Except as otherwise provided by statute, on and after October 1, 1972, the terms minor, infant, and infancy shall be deemed to refer to a person under the age of 18 years and any person 18 years of age or over shall be an adult for all purposes whatsoever and have the same legal capacity, rights, powers, privileges, duties, liabilities, and responsibilities as persons heretofore had at 21 years of age, and "age of majority" shall be deemed CT Page 9109 to be 18 years.
Based on this statutory language, and the clear trend in our society to discourage underage drinking and drinking at any age and driving, it is this court's opinion that a logical extension of both Ely and Bohan mandates that Mathieu not be protected from liability at age twenty. It is difficult for this court to fathom a contrary result: violate the law by drinking underage, provide another underage individual with alcohol, and do not worry about the result of those activities — you are exempt from liability because you are not 21, the legal drinking age. This court cannot envision that this is the direction in which our society should be going nor will this court assist it in that direction.
Both the Ely and Bohan cases are fact driven. Neither deals with a minor, as defined by Section 30-1(20), purveying alcohol to another minor. Both parties to this motion agree that there is no Connecticut appellate authority which is on point. Other trial judges have dealt with this issue and its societal ramifications. See Keson v. Unkel,1994 Ct. Sup. 3624, J.D. of Danbury (Moraghan, J.) ["Judges, like it or not, are part of society. As such, we cannot be blind to changing social mores . . . The continued existence of the present law is a blot on the social conscience and will, sooner or later, be corrected . . . why not now?", citing Quinnett v. Newman,213 Conn. 343, 354 (1990).]
IV. CONCLUSION
This court finds that Mathieu is not a minor for purposes of determining liability and thus, is not immune from same. Accordingly, Mathieu is a "party against whom recovery is allowed" under Section 52-572h of the Connecticut General Statutes. Whether the alleged actions of Mathieu are negligent and/or reckless, and if so, whether they were a proximate cause of the injuries alleged, are fact questions for a jury.
HANDY, J.