[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #123
The defendant Kimberly Zaczynski, moves for summary judgment as to count one on the ground that there is no cause of action under Connecticut law against a minor for negligent service of alcohol to another minor, and as to count two on the ground that the plaintiff failed to sufficiently plead a cause of action for intentional, wanton, and/or reckless service of alcohol.
The defendants Joseph and John Zaczynski, executors, move for summary judgment as to counts one and two on the ground that there is no genuine issue of material fact that these defendants were not social hosts or purveyors of alcohol.
This action arises out of a one-car motor vehicle accident in which the plaintiff, Geoffrey Marinaccio, suffered injuries subsequent to his departure from the residence of the defendant, Kimberly Zaczynski ("Kim"), where, as a social invitee and guest, he allegedly was served alcoholic beverages while visibly intoxicated. The house in which Kim resided was owned by the estate of Nellie F. Zaczynski, Kim's deceased grandmother, and Kim resided there as a tenant of the estate. The estate was administered by the defendants, Joseph A. and John M. Zaczynski ("executors"), Kim's father and uncle. At the time of the alleged incident, both the plaintiff and Kim were eighteen years of age. The plaintiff alleges that he was served and consumed alcoholic beverages while a guest of Kim, and that he consumed alcohol while visibly intoxicated with the defendant's encouragement during a drinking game. The plaintiff further alleges that he later left Kim's residence visibly intoxicated, operated a motor vehicle, and incurred serious injuries when he collided with a CT Page 5932 telephone/utility pole. On November 14, 1996, the plaintiff filed a two count complaint against the defendants, alleging negligence in the first count and recklessness in the second.
On October 1, 1997, the defendants filed a motion for summary judgment with a supporting memorandum of law, and affidavits by each of the defendants as evidence. On October 22, 1998, the plaintiff filed an objection to the defendants' motion for summary judgment with uncertified excerpts from a deposition of Kim as evidence. On March 9, 1998, the defendants filed a reply brief in support of the motion for summary judgment questioning the admissibility of the uncertified deposition testimony. On March 13, 1998, the plaintiff filed a response to the defendants' reply brief, with certified excerpts of Kim's deposition and a deposition of the plaintiff which was marked "recertified." The court does not consider the plaintiff's deposition because it is not properly certified and because the defendants objected. On March 19, 1998, the plaintiff filed certified excerpts of the deposition of Joseph A. Zaczynski as supplemental documentation in support of its objection to the defendants' motion for summary judgment.
"[S]ummary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried. . . ." (Citation omitted; internal quotation marks omitted.) Mac's Car City, Inc. v. American National Bank,205 Conn. 255, 261, 532 A.2d 1302 (1987). "[S]ummary judgment is appropriate if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. It is appropriate only if a fair and reasonable person could conclude only one way." (Citation omitted; internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. [A] directed verdict may be rendered only where, on the evidenceviewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citation omitted; emphasis in the original.) Id., 751-52. The movant has the burden of demonstrating the absence of any genuine issue of material fact. CT Page 5933Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996).
"[T]he party moving for summary judgment . . . is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v. Insurance Company ofPennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995). "The existence of the genuine issue of material fact must be demonstrated by . . . concrete evidence." 2830 Whitney AvenueCorp. v. Heritage Canal Development Associates, Inc.,33 Conn. App. 563, 567, 636 A.2d 1377 (1994). Averments contained in an affidavit that are merely denials of the allegations in a complaint "are an insufficient basis for the rendition of summary judgment." Gambardella v. Kaoud, 38 Conn. App. 355, 360,660 A.2d 877 (1995). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." EvansProducts Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516, 391 A.2d 157 (1978). It is "not determined to be improper for a trial court to consider deposition testimony in ruling on a motion or summary judgment." Schratwieser v. Hartford CasualtyInc. Co., 44 Conn. App. 754, 756 n. 1, 692 A.2d 1283, cert. denied, 241 Conn. 915 (1997).
 1. As to the defendant Kimberly Zaczynski
At the outset, the court notes that the defendants' motion for summary judgment challenges the legal sufficiency of the counts against Kim. Ordinarily "[t]he office of a motion for summary judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues." Burke v. Avitabile, 32 Conn. App. 765, 772, 630 A.2d 624
(1993), cert. denied, 228 Conn. 908, 634 A.2d 297 (1993). However, the motion for summary judgment properly tests the legal sufficiency of a cause of action when the pleadings are closed.Boucher Agency, Inc. v. Zimmer, 160 Conn. 404, 409, 279 A.2d 540
(1971); see Drahan v. Board of Education, 42 Conn. App. 480, 498
n. 17, 680 A.2d 316, cert. denied, 239 Conn. 921, 682 A.2d 1000
(1996); Camp v. Chase, 39 Conn. Sup. 264, 267 n. 1, 476 A.2d 1087
(1983). The only relevant facts as to count one are that both Kim and the plaintiff were eighteen years of age, and these facts are undisputed.
As to count one, the defendant argues that, as a minor of eighteen years of age, she cannot be held liable for negligently serving alcohol to another minor on the ground that Connecticut CT Page 5934 law does not recognize such a cause of action. The defendant cites Ely v. Murphy, 207 Conn. 88, 540 A.2d 54 (1988), in which the court reasoned that "minors are incompetent to assimilate responsibly the effects of alcohol and lack the legal capacity to do so . . . ." Id., 95. The Ely court made an exception to the common law rule, that there is no cause of action for negligent service of alcohol, holding that liability may attach when an adult serves alcohol to a minor who subsequently injures a third party. The defendant argues that because Ely did not discuss the issue of a minor serving alcohol to another minor, that the exception in Ely does not apply in that circumstance. Thus, the present action falls within the common law rule and is barred.
The defendant cites, further, Superior Court decisions in support of this argument. In Carlson v. Sabat, Superior Court, judicial district of Tolland at Rockville, Docket No. 57122 (July 21, 1995, Klaczak, J.) (14 Conn. L. Rptr. 491, 492), the court held that the minor serving the alcohol was not liable, determining that "[t]he minor supplying the alcohol was just as incapable of responsibly assimilating the effects of alcohol . . . [as] the minor consuming the alcohol." In Lebrun v.Callahan, Superior Court, judicial district of New Haven at New Haven, Docket No. 283355 (December 13, 1989, Gormley, J.) (1 Conn. L. Rptr. 94, 96), the court concluded that "although Ely
expanded common law liability where an adult serves a minor, it did not do so in the case of a minor serving alcohol to another minor." The defendant argues that, based on the above, as a minor, she cannot be held liable for serving alcohol to another minor.
The plaintiff argues that Kim, at eighteen years of age, was acting in the legal capacity of an adult pursuant to General Statutes § 1-1d.[1] Therefore, she is liable as an adult for serving alcohol to a minor, pursuant to the exception Ely and pursuant to General Statutes § 52-572h,[2] which does not provide a statutory exception to the definition of "minor" provided in § 1-1d. The plaintiff further argues that the definition of "minor" separately set forth in the Liquor Control Act, General Statutes § 30-1 (12),[3] anyone under twenty-one years of age, does not control in determining the defendant's adult status as a "party against whom recovery is allowed" pursuant to General Statutes § 52-572h. The plaintiff cites Judge Handy's decision in Madigan v. Kerrigan, Superior Court, judicial district of Waterbury, Docket No. 132101 (August 26, 1997, Handy, J.) (20 Conn. L. Rptr. 350), in which the defendant CT Page 5935 similarly relied on the argument that the common law exception inEly did not apply to minors. The court, in Madigan, found persuasive the plaintiff's argument that General Statutes §1-1d establishes who is a minor for the purposes of incurring legal liability in the case of a minor serving alcohol to a minor, not General Statutes § 30-1 (12), which merely defines who is a minor for the purposes of establishing a legal drinking age. The Madigan court found, "based on statutory language, and the clear trend in our society to discourage underage drinking and drinking at any age and driving . . . that a logical extension of both Ely and Bohan v. Last, 236 Conn. 670,674 A.2d 839 (1996), mandates that . . . [the defendant] not be protected from liability at age twenty." The court concluded, "[i]t is difficult . . . to fathom a contrary result: violate the law by drinking underage, provide another underage individual with alcohol, and do not worry about the result of those activities — you are exempt from liability because you are not 21, the legal drinking age. This court cannot envision that this is the direction in which our society should be going nor will this court assist it in that direction." Id., 351.
The plaintiff also cites Keson v. Unkel, Superior Court, judicial district of Danbury, Docket No. 311300 (April 13, 1994, Moraghan, J.) (9 C.S.C.R. 479), in which the court denied the defendant's motion to strike when the plaintiff alleged that minors purchased beer, aided her decedent son in having beer available to him when they knew or should have known that the decedent's consumption of beer might result in his injury or death, and failed to prevent him from operating a vehicle when they knew the decedent had consumed large amounts of beer and was intoxicated.
There is no Connecticut appellate authority which is on point regarding liability of a minor purveying alcohol to another minor. There is a split in authority in the Superior Court in the few cases that have dealt with the issue, as presented by the parties in the above discussion. "It is a well established maxim of statutory construction that when a statute enumerates exceptions to a stated general proposition, anything not excepted is conclusively included." Blakeslee Arpaia Chapman, Inc. v. E.I. Constructors, 32 Conn. App. 118, 129-30, 628 A.2d 601 (1983). General Statutes § 30-1 (12) defines "minor" strictly for the purpose of the Liquor Control Act to define the legal drinking age only, and as an exception to the definition in § 1-1d. Thus, because in the Liquor Control Act, the definition of CT Page 5936 "minor" is statutorily excepted from the general definition in § 1-1d, § 1-1d is not controlling. However, General Statutes § 52-572h does not statutorily define "minor" separately from the definition in § 1-1d. Therefore, as to § 52-572h, the definition of "minor" in § 1-1d controls. Thus, Kim is an adult for the purposes of determining liability, and is not immune from liability pursuant to § 52-572h. The court, in the present case, agrees with the decision of Judge Handy and finds the plaintiff's argument persuasive. Accordingly, the defendant's motion for summary judgment as to count one against the defendant Kim is denied.
As to count two, reckless and wanton serving of alcohol to a minor, the defendant Kim argues that the plaintiff has failed to sufficiently plead a cause of action for intentional, wanton, and/or reckless service of alcohol because the plaintiff failed to allege facts that the defendant knowingly served the defendant when the defendant was visibly intoxicated. The defendant argues that the plaintiff must provide facts that support the claim, not merely the conclusory words themselves.
The plaintiff argues that the allegations and supporting evidence are sufficient to state a claim for recklessness in that the defendant provided the minor plaintiff with alcohol, encouraged the plaintiff to consume alcohol after he was visibly intoxicated, continued to serve alcohol to the plaintiff knowing that the plaintiff was intoxicated, and failed to prevent him from operating a motor vehicle while so intoxicated.
Our Supreme Court, in Kowal v. Hofher, 181 Conn. 355, 360-61,436 A.2d 1 (1980), recognized a cause of action in wanton and reckless misconduct against the purveyor of alcohol, stating that "[w]anton misconduct is more than negligence, more than gross negligence. It is such conduct as indicates a reckless discharge of the just rights or safety of others or of the consequences of action. Willful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct." Id., 362. "`[W]illful,'`wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711
(1988). The conduct "must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." CT Page 5937 (Internal quotation marks omitted.) Coble v. Maloney,34 Conn. App. 655, 670, 643 A.2d 277 (1994); Dubay v. Irish, supra,207 Conn. 533. "The mere use of the words `reckless' and `wanton' is insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 46, 492 A.2d 219 (1985). Actual facts which support the claim must be pleaded, not just conclusions. Kayser v. Stelmaszek,
Superior Court, judicial district of Danbury, Docket No. 321805 (April 4, 1996, Moraghan, J.) (16 Conn. L. Rptr. 409, 411).
The court in Gumkowski v. U.S.S. Chowder Pot, Superior Court, judicial district of New Haven at New Haven, Docket No. 361840 (September 20, 1995, Hartmere, J.), reviewed recent Superior Court cases on point to determine what facts are sufficient to support a claim of wanton or reckless service of alcohol. The court concluded that "in order to sustain a cause of action alleging willful, wanton and reckless misconduct in the service of alcohol, the plaintiff must plead facts, and not mere conclusion, which indicate that the defendants knowingly served an intoxicated patron. . . .[He must] plead facts to demonstrate how the defendant would have known that the individual was intoxicated, as opposed to simply pleading the conclusion. . . . An allegation that the server knew that the individual was intoxicated, without more, is insufficient. . . . [T]he plaintiff must allege facts which would indicate that the defendants, or their agents, continued to serve a . . . [person] despite `observable manifestations of intoxication.'" (Citations omitted; internal quotation marks omitted.) Id. In Gumkowski, the court found that the use of the phrase, "an obvious intoxicated condition," met the minimum pleading requirements and constituted observable manifestations of intoxication as required in Coble v.Maloney, supra, 34 Conn. App. 655. See also Aviles v. Fox,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 158427 (November 20, 1997, Karazin, J.) (20 Conn. L. Rptr. 694, 696) (allegations that "the defendants continued to serve alcohol to persons they knew, or should have known, to be intoxicated and to have a propensity of violence," rose "to the level of an extreme departure from ordinary care, in a situation where a high degree of danger is apparent," and was "legally sufficient to maintain a cause of action for wilful or wanton misconduct"); Keson v. Unkel, supra, 9 C.S.C.R. 479, 481 (allegation that the defendant "procured beer . . . [and] also served the beer to minor guests at the party, including plaintiff's decedent who became intoxicated . . . that the defendant knew or should have known that the decedent's CT Page 5938 consumption of the beer may have resulted in his death . . . sufficiently alleges that the defendant's actions constitute a reckless disregard for the safety of the plaintiff's decedent" to support a cause of action).
In support of his claim of reckless service of alcohol, the plaintiff alleges in count two, paragraph eight that: (a) the defendant supplied alcoholic beverages to the plaintiff; (g) the defendant encouraged the plaintiff to consume alcohol beverages to the point of intoxication and thereafter during a drinking game; and (c) the defendant allowed the plaintiff to operate a motor vehicle after consuming alcohol beverages. The plaintiff offers as evidence to support his claim excerpts from Kim's deposition in which she states that upon arriving and leaving the house, the plaintiff "was loud and obnoxious and very visibly intoxicated." Deposition of Kim Zaczynski, p. 43. She further states that the plaintiff was the only one "apparently drunk that night." Id., p. 68. The allegations and the evidence provided by the plaintiff sufficiently set forth facts to support a claim of reckless and wanton misconduct by the defendant, specifically, that the defendant provided the plaintiff with alcoholic beverages when she knew that he was intoxicated by observable manifestations of intoxication, and further, she did not prevent the obviously intoxicated plaintiff from leaving and operating a motor vehicle while visibly intoxicated.
Based on the foregoing, the defendant's motion for summary judgment as to count two against the defendant Kim is denied.
 2. As against the executors
The executors argue that the plaintiff has failed to prove that the executors were social hosts or served alcoholic beverages to the plaintiff as required under the rule of Ely v.Murphy, supra, 207 Conn. 88, to be liable for service of alcohol to a minor. The defendants argue that they were not present at the house, did not supply any alcohol, and had no knowledge that alcohol would be served to the plaintiff or any other person. The defendants conclude that they cannot, therefore, be liable for any injuries to the plaintiff.
The common law rule in Connecticut of social host liability established that a purveyor of alcohol had no duty to exercise due care in the service or gift of alcohol because the proximate cause or any subsequent injury was held to be the act of the CT Page 5939 consumer who voluntarily and imprudently consumed alcoholic beverages bringing about intoxication and subsequent injury. The court, in Ely v. Murphy, supra, 207 Conn. 88, modified this general rule by extending liability to an adult "social host or other purveyor of alcohol" who serves liquor to a minor who subsequently injures a third party. Id., 97. Thus, in order to be held liable for negligent or reckless purveying of alcohol to minors, one must be a social host and one must purvey or supply the alcohol to the minor.
The affidavits provided as evidence by the executors set forth averments that they did not live at the house in question, that they were not present at the residence of Kim on the night in question, that they did not host a party at the house, and that they did provide, purvey, give, or sell any alcoholic beverages to the plaintiff or any others on the night of November 20, 1995. The plaintiff provides no evidence to refute the defendants' affidavit evidence that they were not present, were not social hosts, and did not provide alcohol to the plaintiff. Therefore, the plaintiff fails to prove that there is a genuine issue as to the material fact that the defendants did not host the alleged party nor purvey alcohol to the plaintiff. "If the affidavits and other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." 2830 Whitney AvenueCorp. v. Heritage Canal Development Associates, Inc., supra,33 Conn. App. 563, 569.
The plaintiff further argues that the defendants John M. and Joseph A. Zaczynski, as executors of the estate to which the house belonged, are liable for implicitly purveying alcohol to the plaintiff by allowing Kim to reside in the house, thereby being responsible for creating an atmosphere to exist which was conducive to partying and drinking by Kim and her minor guests.
The facts establish that Kim was an adult of eighteen years of age at the time of her tenancy of the estate's house. She was not a minor in the eyes of the law pursuant to General Statutes § 1-1d (see earlier discussion).[4] As an adult, Kim is liable for her own actions. The plaintiff offers in evidence Joseph's deposition, which provides that he had no knowledge of the party, and had no reason to anticipate that Kim would consume, or provide to others, alcohol while in tenancy at the house, based on his experience of her past behavior. Deposition of Joseph A. Zaczynski, p. 10-11.[5] The plaintiff offers no CT Page 5940 other evidence to refute the defendants' affidavit evidence. Therefore, the plaintiff fails to prove that there is a genuine issue of material fact that the defendants have no legal liability to the plaintiff, and that the defendants did not know, nor should have known, that alcohol would allegedly be served by the defendant Kim. Thus, because the executors were not social hosts and did not provide or supply alcohol to the plaintiff, they are not liable in either negligent or reckless service of alcohol to the plaintiff.
Accordingly, the defendants' motion for summary judgment as to count one and two against the defendant executors is granted.
Hennessey, J.