[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION T0 STRIKE (#106)
The plaintiff, David Kowalski(Kowalski), filed a complaint CT Page 2376 against the Elm Cafe, Inc. and Catherine Soter (Elm Cafe') on April 17, 1998. In the first count of his complaint, Kowalski alleges that he was injured in a one-automobile accident after leaving Elm Cafe in an intoxicated state. Kowalski alleges that Elm Cafe' was negligent, among other claims. "in failing to determine the extent to which Kowalski had become intoxicated, in serving liquor to Kowalski when Elm Cafe' knew or should have known that Kowalski was already intoxicated, in serving Kowalski an unreasonable amount of liquor, in serving Kowalski liquor when Elm Cafe' knew he would operate a motor vehicle, in failing to arrange alternative means of transportation for Kowalski, in instructing Kowalski to get into an automobile that was being operated by an intoxicated individual and in failing to take reasonable precautions to protect Kowalski." Complaint, First Count ¶ 10.
Elm Cafe' filed a motion to strike the complaint, pursuant to Practice Book § 10-39, on October 1, 1998, on the ground that there is no cause of action for negligent service of alcohol. Elm Cafe' filed a memorandum of law in support of its motion, and Kowalski subsequently filed a memorandum of law in opposition to the motion.
"The function of a motion to strike is to test the legal sufficiency of a pleading; it admits all facts well pleaded . . . The role of the trial court is to examine the complaint, construed in the favor of the plaintiffs, to determine whether the pleading party has stated a legally sufficient cause of action." (Citation omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997); see Practice Book § 10-39.
"At common law there is no cause of action based upon negligence in selling alcohol to adults who are known to be intoxicated. While such acts may constitute the breach of a duty owed to others, the cause of action in a variety of factual settings has uniformly failed for the reason that the subsequent injury has been held to have been proximately caused by the intervening act of the immoderate consumer whose voluntary and imprudent consumption of the beverage brings about intoxication and the subsequent injury." (Internal quotation marks omitted.)Ouinnett v. Newman, 213 Comm. 343, 345 46, 568 A.2d 786 (1990).
Kowalski cites Kayser v. Stelmasek, Superior Court, judicial district of Danbury, Docket No. 321805 (April 4, 1996, Moraghan,CT Page 2377J.) (16 Conn. L. Rptr. 409) and Henderson v. Dolan, Superior Court, judicial district of New Haven at New Haven, Docket No. 361450 (February 21, 1995, Hodgson, J.) (13 Conn. L. Rptr. 504), in support of his position that there exists a cause of action for the negligent service of alcohol. However this court follows the majority of Superior Court decisions that have refused to recognize such a cause of action because doing so would conflict with Quinnett v. Newman, supra, 213 Conn. 343.[1]
There is no cause of action for the negligent service of alcohol and because Kowalski has failed to provide binding authority to the contrary, the first count of Kowalski's complaint is stricken.
Moran, Judge of the Superior Court